UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUSTAVO DOMINGUEZ, | ) | 1:09-cv-00255-BAK-GSA HC |
| Petitioner, | ) ) | ORDER REQUIRING RESPONDENT TO FILE A RESPONSE |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| NEIL ADLER, Warden, | ) | SERVE DOCUMENTS |
| Respondent. | ) ) | ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On February 10, 2009, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that he is an inmate at the Taft Correction Institution serving a sixty-month sentence for a September 7, 2007 conviction for various charges related to the illegal transportation, harboring and smuggling of illegal aliens. (Doc. 1, pp. 2-3). Petitioner alleges that his projected release date is January 12, 2012. (Doc. 1, p. 3). Petitioner further alleges that the Bureau of Prisons

1

("BOP") has refused to consider Petitioner for placement in a Residential Re-entry Center ("RRC")[1] until September 2010, in violation of 18 U.S.C. § 3621(b), which Petitioner maintains authorizes the BOP to make an RRC placement at any time. (Doc. 1, p. 4). Petitioner alleges that the BOP's failure to provide such an assessment is in violation of federal law. (Id.). Petitioner further alleges that he has received zero days of placement in a RRC, even though "an assessment under 18 U.S.C. § 3621(b) would allow up to six (6) months placement." (Id. at p. 2). Petitioner seeks an order from this Court ordering BOP to "immediately transfer him to a [RRC] at this time." (Id. at p. 13).

## DISCUSSION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-86 (claiming Board of

---

[1] Although Petitioner uses the term "Community Corrections Centers" or "CCC's," those facilities are now called Residential Re-entry Centers, or "RRC's." For consistency, the Court will refer to these facilities as RRC's.

Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at 187; Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that the BOP has failed to properly apply 18 U.S.C. § 3621(b), thereby illegally limiting the amount of time Petitioner may be placed in a RRC facility. Petitioner is thus challenging the execution of his sentence rather than the imposition of that sentence. Therefore, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is currently incarcerated at Taft Correctional Facility, and Taft Correctional Facility is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

Because Petitioner may be entitled to the requested relief if the claimed violations of rights are proved, Respondents are ORDERED to file a response within sixty (60) days of the date of service of this order. See 28 U.S.C. § 2243; cf. Rule 4 of the Rules Governing Section 2254 Cases. Respondents shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the petition.

**ORDER**

Accordingly, the Court ORDERS that:

1. Respondent SHALL FILE an ANSWER addressing the merits of the Amended Petition within **SIXTY (60)** days of the date of service of this order. Respondent shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the amended petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[2] Rule 5 of the Rules Governing Section 2254 Cases. The Court recognizes that Counsel on behalf of

---

[2] In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the Court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any *internal* prison policies of which a prisoner complains and is subject to.

the Government and/or the Institution[3] may wish to respond on separate issues raised in the Amended Petition. However, the Court will accept only one (1) "Answer." Such Answer SHALL CONTAIN all argument with respect to all of the issues raised in the Amended Petition, whether formulated by Counsel for the Government or the Institution.

2. Respondent SHALL FILE a Notice of Appearance within **TWENTY (20)** days of the date of service of this Order. The Notice SHALL indicate the name of the individual(s) who will be representing the Government and/or the Institution. The Notice is necessary to ensure that the appropriate counsel for Respondent is being served by the Court. The submission of the Notice of Appearance will terminate Court service on those listed in paragraph 4.

3. Petitioner's TRAVERSE, if any, is due on or before **THIRTY (30)** days from the date Respondent's Answer is filed.

4. The Clerk of the Court SHALL serve a copy of this Order along with a copy of the Amended Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution if applicable, and the United States Bureau of Prisons.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated: **May 14, 2009**           **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE

---

[3]Counsel for the "Institution" means private Counsel representing contracted facilities such as Taft Correctional Institution, (Wackenhut Corrections Corporation), or California City Correctional Center (Corrections Corporation of America).