UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUSTAVO DOMINGUEZ, | ) | 1:09-cv-00255-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | ) | |
| NEIL H. ADLER, et al., | ) | ORDER DIRECTING CLERK TO ENTER JUDGMENT |
| Respondents. | ) | |

Petitioner Gustavo Dominguez ("Petitioner") is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner was convicted of various offenses related to transporting illegal aliens in 2007. (Answer, Attachment 1). The sentencing court sentenced Petitioner to a term of sixty-months incarceration. (Id.). Petitioner was received into the custody of the Federal Bureau of Prisons (BOP) on September 7, 2007. (Id.).

Petitioner filed the instant petition for writ of habeas corpus on February 6, 2009. (Doc. 1). Respondent filed an answer to the petition on July 16, 2009. (Doc. 14).

Both Petitioner and Respondent have consented to Magistrate jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Docs. 8, 12).

///

///

**Factual History**

The instant petition does not challenge Petitioner's conviction or sentence. Rather, Petitioner contends that the Bureau of Prisons (BOP) is executing Petitioner's sentence in a way that violates federal law because the BOP refuses to consider Petitioner for twelve-month placement in a halfway house ("RRC").[1]

Petitioner contends that the BOP denied Petitioner's transfer to an RRC based solely on the time remaining on Petitioner's sentence. Petitioner avers that the BOP's refusal to transfer him to an RRC violates federal law as stated in *Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008) (holding that BOP may not deny RRC placement based solely on time left on prisoner's sentence). Petitioner concedes he has not sought to obtain a transfer through the BOP's administrative remedy program but states that BOP policy renders any attempt to request transfer through the BOP futile. (Pet. at 6).

**Discussion**

**I.     Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See, e.g., Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (discussing distinction between sections 2255 and 2241); *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (entertaining petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence pursuant to section 2241); *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (reaching the merits of petitioner's section 2241 challenge to amount and timing of fine payments); *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008) (entertaining section 2241 challenging to restitution

---

[1] Residential re-entry centers ("RRC's"), colloquially known as "half-way houses," were formerly referred to as "CCC's" under BOP regulations. *See, e.g., Rodriguez,* 541 F.3d at 1181 n.1. Petitioner employs the acronym CCC throughout the petition.

schedule).  Federal courts have jurisdiction to entertain challenges to the BOP's refusal to transfer a prisoner to an RRC facility pursuant to section 2241.  *See Rodriguez*, 541 F.3d at 1182 (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to RRC facility).

Respondent contends that the Court lacks jurisdiction over this matter because Petitioner does not challenge the fact or duration of his confinement.  In support of its contention, Respondent cites several Ninth Circuit civil rights cases discussing the interaction between civil rights litigation and habeas corpus petitions. (Answer at 4-5)(citing *Crawford v. Bell*, 599 F.3d 890, 891 (9th Cir. 1979); *Ramirez v. Galaza*, 334 F.3d 850, 856-50 (9th Cir. 2003); and *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004)).  The Court finds Respondent's authority unpersuasive.  The passage relied on by Respondent from *Crawford* discusses merely the "traditional view" of habeas corpus jurisdiction.  In a footnote following the sentence cited by Respondent, the *Crawford* Court noted that the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520 (1979) casts doubt on the traditional view of habeas corpus jurisdiction.  *Crawford*, 599 F.3d at 891 n.1.  Respondent's reliance on dictum from *Ramirez* is similarly unpersuasive.   The precise question before the Ninth Circuit in *Ramirez* was whether *Heck v. Humphry*, 512 U.S. 477 (1994) barred a prisoner's civil rights action under 42 U.S.C. § 1983 where the claim, if successful, might invalidate a disciplinary action that could affect the length of the prisoner's confinement.  *Ramirez*, 334 F.3d at 852-53.  The *Ramirez* Court had no occasion to discuss the contours of habeas jurisdiction.  Finally, *Docken* is in fact harmful to Respondent's position.  The *Docken* Court's reasoning demonstrates that civil rights cases, which Respondent relies on exclusively in support of its contention, have little to contribute to the understanding of habeas jurisdiction because the remedies provided by habeas actions and civil rights actions are not mutually exclusive:

> the question of the relationship between habeas and § 1983 relief has only explicitly come up before in converse form: whether claims are not cognizable under § 1983 because their resolution will necessarily impact the fact and duration of confinement. In the only instance where the Supreme Court addressed whether habeas and § 1983 are necessarily mutually exclusive, the suggestion was that they are not. We agree.

*Docken*, 393 F.3d at 1031 (citation omitted).

///

1  Respondent also cites several district court cases that have held that 2241 does not confer jurisdiction over matters such as the instant petition. (Answer at 5). Respondent's authority fails to acknowledge that unlike section 2255, section 2241 does not contain language limiting jurisdiction under section 2241 to petitioners who are "claiming the right to be released." 28 U.S.C. § 2255; *compare United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002) (challenge to restitution order not cognizable under section 2255 because petitioner was not claiming right to be released) *with Montano-Figueroa*, 162 F.3d at 549 (challenge to timing and amount of fine payments cognizable under section 2241's execution clause). In any event, this Court may not disregard the Ninth Circuit's conclusion that section 2241 may be used to challenge the execution of a prisoner's sentence even where the prisoner does not seek release or to shorten the duration of his confinement. *See, e.g., Rodriguez*, 541 F.3d at 1182. Although Respondent cites *Rodriguez* in its brief, Respondent fails to appreciate that *Rodriguez* forecloses Respondent's jurisdictional argument. In *Rodriguez*, the Ninth Circuit *affirmed the grant* of habeas relief pursuant to section 2241 on a claim identical to Petitioner's. *Id*. In light of *Rodriguez*, the Court must conclude that jurisdiction is appropriate.

Petitioner was incarcerated at Taft Correctional Institution, which is within the territorial jurisdiction of the Eastern District of California, at the time he filed the instant petition. 28 U.S.C. § 84. Although Petitioner has subsequently been transferred to a different institution, Respondent has expressly waived any objection to venue. (Answer at 3). Accordingly, venue is appropriate in the Eastern District. 28 U.S.C. § 2241(c)(3).

## II.  Exhaustion

Petitioner concedes he has not exhausted his administrative remedies. (Pet. at 4). Respondent affirmatively asserts exhaustion as a grounds for dismissal. (Answer at 6-7).[2]

---

[2] Respondent contends that the Prisoner Litigation Reform Act (PLRA) applies to Petitioner's claim. The Court need not decide whether the PLRA applies to the instant petition, as the Court finds that the well-settled exhaustion requirement applicable to habeas corpus petitions under section 2241 provides an adequate basis for dismissing this action. The Court notes that Respondent's position appears untenable, as section 1997e applies only to actions "brought with respect to prison conditions." 42 U.S.C. § 1997e(a). Despite Respondent's characterization of Petitioner's claim as a challenge to "conditions of confinement," Petitioner's claim is best understood as a challenge to the execution of his sentence. *See Montez*, 208 F.3d at 865 (characterizing petitioner's challenge to his transfer to a private prison as a challenge to the execution of his sentence). Further, the Court notes that Respondent's arguments are fatally inconsistent. Respondent argues on the one hand that Congress did not intend for section 2241 to confer jurisdiction over challenges to conditions of confinement. On the other hand, Respondent argues that Congress intended for the PLRA, which *only* applies to actions concerning "conditions of

Federal prisoners must exhaust their administrative remedies before bringing a habeas petition pursuant to section 2241. *E.g., Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed remedy has been exhausted." *Laing*, 370 F.3d at 998 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Exhaustion is not required if pursuing those remedies would be futile. *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

Petitioner's conclusory allegation that exhaustion would be futile in his case is insufficient to justify excusing the exhaustion requirement. (Pet. at 5). Respondent correctly notes that pursuant to current BOP policy, an inmate may request an assessment for RRC placement at any time. (Answer at 9); *see Hickey v. Adler*, 2009 U.S. Dist. LEXIS 67064*7 (E.D. Cal. 2009). To the extent Petitioner is entitled to relief, the appropriate form of relief would be an order directing the BOP to assess Petitioner for RRC placement consistent with the governing statutes. Petitioner may obtain the same relief this Court could afford by simply requesting consideration for RRC placement, and, in the event his request is denied, by pursuing the administrative remedies set forth in the Code of Federal Regulations. *See* 28 C.F.R. §§ 542 *et seq.* The Court must presume that, if Petitioner pursues his administrative remedies, the BOP will consider his request consistent with its policies and governing statutes. *See, e.g., Garner v. Jones,* 529 U.S. 244, 256 (2000) ("Absent a demonstration to the contrary, we presume the Board follows its statutory commands and internal policies in fulfilling its obligations").[3] Because Petitioner has an adequate administrative remedy

---

confinement," to apply to habeas actions under 2241. Although parties may generally advance alternative contentions, Respondent fails to even acknowledge the inherent conflict between its two positions.

[3] In *Garner*, the Supreme Court applied this presumption to a state's parole board*, citing United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266-268 (1954), an immigration case, as authority for the presumption. Accordingly, the Court reads *Garner* as stating a general presumption that an agency is presumed to act consistent with its governing regulations.

that has not been exhausted, the Court, in its discretion, finds that the petition should be dismissed and that Petitioner should seek to exhaust his administrative remedies before proceeding in federal court. *See Rison*, 895 F.2d at 535.

### Order

For the foregoing reasons, IT IS ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED, without prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   January 7, 2010**                **/s/ John M. Dixon**
                                       UNITED STATES MAGISTRATE JUDGE